FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEP 3 0 2004

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

No. CIV 03-1271 MV/LCS
CR 94-088 HB

CLERK

PAUL ANDERSEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Application to Vacate Judgment of Guilt, Dismiss Charges, and Restore Civil Rights (Doc. 1), filed November 3, 2003. The Court set a briefing schedule directing Plaintiff to file a Motion to Dismiss by April 5, 2004, Defendant to file a Response by May 19, 2004 and Plaintiff to file any Reply by June 4, 2004. (Doc. 6). Plaintiff filed its Motion to Dismiss on March 8, 2004. (Doc. 7). Defendant has not responded to this Motion. The Court, having considered Plaintiff's Motion, the record herein, and the relevant law, finds that the Plaintiff's Motion to Dismiss should be GRANTED.

**I.**    **Procedural Background**

On March 16, 1995, a Judgment of Guilt was entered against Defendant in the United States District Court for the District of New Mexico on felony drug charges. (Doc. 1). Defendant was placed on supervised release for a period of thirty-six (36) months. On October 29, 1996, Defendant completed the conditions of probation and was discharged therefrom.

Defendant filed his current petition in this Court on November 3, 2003. (Id.) Defendant seeks to have his judgment of guilt vacated, charges dismissed and his civil rights restored. (Id.) As grounds for the granting of this petition, Defendant states that he has not been in any further

legal trouble since the conviction at issue and that he has made 'positive strides' in his life. Defendant has not provided this Court with any legal authority tending to support this Petition.

## II.   Analysis

Defendant claims no error, constitutional or otherwise, as a basis for granting his petition. Rather, he simply states that, due to his efforts to make positive changes in his life since his conviction, that conviction should be vacated by this Court.

A district court does not however, have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Any claim made by Defendant that his sentence should be vacated due to post-conviction rehabilitation is not cognizable, because no statutory basis exists for the relief he seeks.

The Defendant may not claim the court has jurisdiction under 28 U.S.C. § 2241, the general habeas corpus statute, for to invoke that jurisdiction, Defendant must timely allege a constitutional deprivation. Not only does Defendant allege no constitutional deprivation, but he brings his petition more than eight (8) years after the imposition of his sentence. Similarly, Defendant may not rely on 28 U.S.C. § 2255 for relief, for that statute applies to a prisoner who is in custody who is challenging his conviction or sentence. Defendant, having finished his term of supervised release, is not in custody. *See, e.g., United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997).

The only relief available to the Defendant through this Court is the extraordinary remedy of a writ of coram nobis under 28 U.S.C. § 1651. Relief under the writ is strictly limited to cases in which errors of the most fundamental sort have rendered the proceeding under attack irregular

2

and invalid. *Foont v. United States*, 93 F.2d 76, 78 (2nd Cir. 1996). However, relief under § 1651 is likewise inappropriate in the present case because Defendant has alleged no error of the most fundamental sort. In fact, he has alleged no error at all in the proceedings below.

It appears the only course of action available to Defendant is to petition for executive clemency. *See Yelvington v. Presidential Pardon and Parole Attorneys*, 211 F.2d 642 (D.C. Cir. 1954) 28 C.F.R. § 1.6. A pardon is the prerogative of the executive under the United States Constitution, Art. 2 § 2. A purely equitable order to vacate a conviction will encroach on the President's power and discretion to pardon. *Plyler v. Doe*, 457 U.S. 202, 225 (1983). Absent a clear statutory or historical basis, an Article III court cannot abrogate the power of the President in this regard. *See Griggs v. Fleming*, 2003 Westlaw 21281686 (N.D. Texas). Therefore, I find that no relief is available to Defendant in this Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss will be **GRANTED** and that Defendant's Motion shall be **DISMISSED WITH PREJUDICE**.

MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE